Good morning, Your Honor. We think we've briefed the three issues that we cited adequately. Consistent with the letter, the supplemental authority letter that we sent to the court on February 6, 2007, we had asked the court to consider putting off a decision in this case because there seem to be some cases, two before the Ninth Circuit, that are pending rehearing. No decision has been made. The Carty case and the Zavala case, and then two cases before the United States Supreme Court, the Claiborne case we cited in Rita, which we think might give some guidance as to what reasonableness is in terms of a sentence, given the seminal decision in Booker and then some of the cases that have followed and, of course, recognized by the Supreme Court. So unless the court, and that would be my request at this point, that the court allow, if you think it's appropriate, further briefing, perhaps oral argument, again, if you think it's appropriate, after those decisions are rendered. But, Counselor, don't those cases primarily address the presumption of reasonableness if the guideline range is used? Isn't that the issue in those cases? And do we have that issue here? Well, Your Honor, you know, I just think that this is an evolving, you're correct, that's what those cases address. But I think this is an evolving area. And I have a lot of respect for the trial judge, Judge Collins, in this matter. And I think Judge Collins was very troubled by an appropriate sentence in this case, given this man's background, an unblemished record. He's in his 60s. I think it's in the record that, in fact, he passed an FBI polygraph, that there was no actual interchange with the children that he had taught for over 30 years. And I know she was very, very troubled. In fact, she said on the record, after some soul-searching, that this was one of the two most difficult decisions, at least sentencing decisions, that she had to make. And yet, given that, she still gave the presumptive, if you will, guideline sentence of 70 months. Which, for this man, given his background, et cetera, I mean, we're just, you know, just to get down to the street level, we're concerned about him surviving this sentence. Well, she could have gone below. She could have? Absolutely. And I think there were many factors that would have been reasonable for her to consider and, in fact, go below. But she knew she had that option. Oh, absolutely. And we're not suggesting that Judge Collins, an experienced federal district court judge, didn't know that. Of course not. But this is, after Booker, this is an evolving area. We try to keep up on the cases. These seem to be the four cases that everyone's looking at now. We're looking for guidance. And just given the severity and the effect that this sentence will have on this man's life, we're asking the court to at least wait until these decisions are made and let us brief them by letter brief or however you think is appropriate. I don't think there's a downside to it other than cluttering up your calendar for a few months, perhaps. But I don't think there's a downside. And that, again, would be our request. Well, you know, one of the problems we have in these cases is that we come together here. And if we have to come together again, then people have to travel long distances to get here. So that's always a factor. But, well, we'll talk about it. Appreciate it. Thank you very much. We'll talk about it. And he's 60 years old now, huh? I think he's 60-plus, Your Honor. Any other issues you want to bring up? You know, there was the search issue, the essential issue being whether or not he was in custody. I think we've hammered that to death in the briefs. I really don't have anything to add unless the court does. So it's just the reasonableness of the sentence. I think that's one of the two issues. The search issue is a serious issue. We're not, of course, giving that up. But the reasonableness of the sentence is certainly... Well, he signed all kinds of consents. Well, he did. But, you know, I think we laid out the facts as to what had happened here. Yeah, well, I'm sure there was a lot of pressure on him at the time. He asked for a lawyer. He asked for a search warrant. You know, you can parse the language, of course. That's what lawyers do. But, you know, essentially he's in a very small apartment with three law enforcement people. And they asked to look at his computer. There's pressure involved. It's a very small apartment. In fact, there's not even room for one of the officers to sit down. But our case law doesn't help you very much. It is what it is, Your Honor. You know, the cases are clear. There's a number of factors to argue. We think we've argued them. As well as you could. Yes, I do. I think so. Thank you very much. Appreciate it. Thank you. Good morning, Your Honor. It's Jennifer Corbett on behalf of the United States. It may please the Court, the government's position is that there is ample evidence in this record to uphold both the denial of the motion to suppress as well as the district court sentence. The record in this case, unlike perhaps some other cases that are pending before the Court, not only has a written order with factual findings, extensive factual findings on the motion to suppress, but also as the transcript of the sentencing hearing indicates, the judge made a very thoughtful decision and described in detail how she came to that decision. And really, on this record, this case would probably still be difficult, given her comments at the sentencing. It would probably still be difficult for her, even with additional legal guidance. There are some cases that are just tough, even with all the guidance in the world. It's the point of almost, what, a six-year sentence? That's about what he got, right? He did, Your Honor. He had 22 binders of child pornography, printed out images, binders that were very extensive, that had images of prepubescent children, very young children, being sexually abused. Well, he got these off the Internet. That's correct, Your Honor. He used his credit card. Yes, Your Honor. But when the FBI questioned him with a polygraph, they concluded he was telling the truth when he said he never touched a child. And even if that is true, the fact is that the district court did not use any allegation or any intimation that he had committed any kind of sexual contact when she determined her sentence. Her sentence was based on the child pornography images that defendant took, or not took, that he printed off of the Internet, that he also had on his computer. The fact that he was part of an industry supporting this kind of abuse, and he paid to get these images. And clearly, given the 22 binders and his time on the computer, he had spent a lot of time with these images. Well, how did he come to the attention of the authorities? I'm going to refresh my memory on that. His credit card was found to have subscribed to a website that offered child pornography. And as a result of his credit card being identified, they identified him. So how did the government get that information? The child pornography website, Your Honor, was taken down, was found that it was on the Internet, and search warrants were obtained for the subscriber information for that business. Okay. So in light of the record, Your Honors, the government would submit that the district court not only create an adequate record for this court to evaluate its decisions, but also that the decisions should be upheld. What's your response to opposing counsel's suggestion that we defer ruling on a sentencing issue, pending the cases that are outstanding, to address the reasonableness prong of the sentencing? I think although that might give some light to some of the legal issues, I don't think in this particular case that those legal issues are critical to the court's decision. The court laid out its reasons and went over the 3553 factors, in fact, did not rely on a presumption regarding any propriety of the guideline sentence. And so really, again, this case would come back down to the facts and whether the court weighed those facts. And we submit that not only did the court weigh those facts, but that those facts support the court's sentence. If Your Honors have nothing further, the government would submit. All right. Thank you.
judges: Pregerson, Rawlinson, Sandoval